(May 6, 2003)

■ JACQUELINE BARKER, Respondent, v ST. BARNABAS HOSPITAL et al., Defendants, and ALBERT EINSTEIN COLLEGE OF MEDICINE OF YESHIVA UNIVERSITY, Appellant. [759 NYS2d 65] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered March 7, 2001, which denied defendant Albert Einstein College of Medicine's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff's decedent, James Barker, received doses of methadone and provided a urine sample for toxicology screening at a methadone clinic operated by defendant Albert Einstein Col-

lege of Medicine of Yeshiva University (Yeshiva) from June 1976 until his last visit on July 8, 1993. During his last visit, he also completed a health care proxy as was generally required for all patients. On May 24, 1993, Barker had fallen at his place of employment and fractured his left leg. Initially treated at Our Lady of Mercy Hospital, he was transferred to St. Barnabas Hospital, where he remained until he was discharged on June 2. On his discharge, he was subsequently treated by Dr. Tsamparlis as his primary care physician. On June 14, Barker visited his physician, complaining that his left heel was in pain. On July 14, he returned to that physician with an infection in his left leg and elevated temperature. Admitted to St. Barnabas Hospital, he was diagnosed with sepsis secondary to cellulitis and was treated with antibiotics, and he died on September 2, 1993. This action was then commenced and liability asserted against defendant Yeshiva based on alleged negligent treatment and failure to diagnose and treat. While Barker made weekly visits to Yeshiva's methadone clinic, he never complained about the condition of his leg and never requested medical treatment from Yeshiva. The admission records of St. Barnabas Hospital document that visible symptoms of Barker's leg infection only became evident three days prior to admission, a date subsequent to his last visit to Yeshiva. Yeshiva's summary judgment motion should have been granted since plaintiff's opposition consists of unfounded allegations by counsel regarding either imagined conversations which decedent may have had with Yeshiva's employees or presumed signs and symptoms which decedent might have exhibited during his July 8 visit to Yeshiva. Mere surmise or conclusory allegations are insufficient as a basis to deny summary judgment. There is no evidence of any treatment by Yeshiva with respect to decedent's leg and there is no basis upon which Yeshiva can be held to have had a duty to monitor the treatment being administered by decedent's treating physician (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Concur—Buckley, P.J., Nardelli, Mazzarelli and Ellerin, JJ.